I just wanted to frame the issues because my understanding from reading the briefs is that on this loss issue, the government's position is that if you're right about the representation issue and the conviction should be overturned, we don't reach whether or not loss is intended loss or not under the guidelines. And if you're wrong about the representation issue, then the appellate waiver applies and we wouldn't address the loss issue. So it seems to me under no circumstance would we be addressing the loss issue, is that right? I think that's correct, Your Honor. When I was writing the brief, if I may just introduce myself, my name is David McColgan. I'm the attorney arguing on behalf of appellate Marquis Williams, but I think Your Honor is absolutely correct. We agree actually substantially on points two through five. So really the only question we need to resolve is whether the warning about substituting counsel was structural error. Exactly, Your Honor. I think that that is the crucial issue and I'm just going to focus on that issue unless there's questions about the other points. In this case, after the court granted Mr. Williams his second motion to substitute counsel, Magistrate Judge Spector said that Mr. Williams could expect that all future motions to substitute counsel would be denied. And this is structural error. It deprived Mr. Williams of his Sixth Amendment right to have counsel inquire into- Well, you know, when the magistrate judge said that, he said, I'm saying this now because I think it's important for you to understand the nature of appointing representation and what we call constitutionally effective representation going forward. You're entitled to constitutionally effective representation. You're entitled to counsel to be appointed for you at no cost to you, but you're not entitled to choose or to have counsel of your choice. What that means is you're not entitled to say, I'm unhappy with the attorney. Give me a new one if the attorney doesn't do what you want the attorney to do or doesn't achieve the results you want the attorney to achieve. And so I want to make sure you understand that once this attorney has been appointed, whoever that attorney is, I'm sure the attorney will just zealously represent you and so on. But if at some point you're unhappy, you'll either have to represent yourself or continue with that attorney representing you. So since it starts with the premise that he's entitled to constitutionally effective representation, isn't he making clear, you can't replace your attorney for the reasons you keep trying to replace your attorney. But he's not saying, I'm going to prohibit you from replacing the attorney if you don't get constitutionally effective representation. He doesn't qualify it, your honor. And in fact, there are different- I mean, he says you're entitled to constitutionally effective representation. He does say that, but he also says that your choice is going to be two choices, either continuing with the current counsel or representing yourself. What we said when a defendant keeps replacing their counsel, a judge is entitled to say that, right? You're not going to get any more replacements. It's true that that's subject to an implicit caveat that there might be a constitutional problem. But the judge is addressing the problem that's in front of him, right? If the judge had added the three words that the government sort of inserts into the record, that any motions without substantial justification will be denied, then it would have been fine. But he didn't say that. It was a complete bar on future motions to substitute counsel. And the fact is, there can be substantial reasons for being unhappy with counsel, just as there can be insubstantial reasons. So by saying that just because you're not happy with counsel, that doesn't- I mean, it wasn't every instance that this was discussed, because it was discussed multiple times. But for one of the text orders, it says the court is required when ruling on a motion for substitution of counsel to consider, and it goes through the factors. So among all these comments, there was statements that this is what would be considered for any type of motion for substitution, right? Well, no, your honor, because what he said was any future motions for substitute counsel you can expect would be denied. So he was saying that without- The context was if you keep just saying you're unhappy, you're unhappy, you're unhappy, that's not going to be a sufficient ground. That was really the context. I don't want to read the whole back and forth, because it's long. But let me just ask you, even assuming your reading of it is a better reading, why is this structural error? The government cites cases, John Doe number one, this Morrissey case, where we have said multiple times that if a court fails to, despite some suggestion, that there's some type of conflict or issue with an appointed counsel, fails to do any inquiry, the error is harmless. And in here, we have actually it being raised at the change of plea hearing, where the lawyer says my client has expressed dissatisfaction with me, and then the judge actually does an inquiry to make sure that the defendant is okay with the attorney. Why isn't that even more than these other cases where we have found harmless error? Well, the difference between simple error and structural error is that simple error would be, for example, a ruling saying I'm not going to grant your motion for substitute counsel at this point. Structural error is saying that for any future motions to substitute counsel, you can expect that that's going to be denied because it pervades the entire proceeding. It would be analogous to the difference between denying a motion- If we had absolute 100% proof that the defendant loved the attorney who was appointed, but the judge said at one point, this is your last one, but they got along great. The attorney did everything, the guy stood up at the hearing and said, I love this attorney, he's doing a great job, or she's doing a great job. Your view would be that would be structural error. We could not rely on what the defendant said. Well, but in this case, it's very different facts. We have the indication at the plea that he was clearly unhappy. We have the indication at the Frey hearing that he was clearly unhappy. But he had to say he was happy in order to keep counsel. No, that's not the choice that he was told over and over again is if you're unhappy, your motion will be denied, and then you will have two choices. If your motion's denied, you have the choice of keeping the current counsel or representing himself. So he was never told that if you ask for another lawyer, we're going to take that lawyer away from you, and you're going to be forced to go pro se. Nobody ever said that to him. That's effectively what he was told at the plea by his attorney, because Mr. Andrini, his attorney at the time said, and he said this twice, that if that's what you want to do, if you feel I cannot represent you, that you do not trust me, that the attorney relationship has been broken, I will file a motion. Further down, he says the exact same thing. If that's the way he honestly feels, then I'll file the motion to withdraw. What that meant was that if he continued to say, I'm unhappy with you, Mr. Andrini, then he was going to withdraw, and he would be left without counsel. So the way that the context- Your answer to Judge Bianco's hypothetical, I guess, is that if the record reflected him saying, I love my counsel, and I'm happy with him, that he was basically coerced into saying that by the judge's ruling. Exactly, Your Honor. But the degree to which that coercion is operating here seems to be what you just described, which is, that's accurate. If he's unhappy with his counsel, insofar as he just doesn't like him, or he doesn't like what he's doing, or there's a tense attorney-client relationship, but it doesn't rise to the level of constitutionally adequate representation, the judge can hold him to that choice, and he can be coerced into either sticking with that attorney or not a different attorney. Why should we think that we don't have- it's structural error, and therefore we don't have any confidence in the fairness of this entire proceeding, because he was basically coerced into keeping constitutionally inadequate counsel? I just don't see that in the record. Well, what was required was an appropriate inquiry at that point, either at the Frey hearing or at the plea, with Mr. Williams' understanding that if the motion to substitute counsel was granted, he wouldn't have to represent himself. He would actually get substitute counsel. So he had to have that understanding. That prior ruling had to be effectively overruled, and it was never overruled. It was never taken back. Nothing that the judge said at the change of plea hearing in any way took back that prior ruling of Magistrate Judge Spector, which is that there will be no further counsel granted. Nothing took that back. In the absence of that, what we needed was, for this to be an adequate colloquy, what we needed was for the judge to say that, look, I'm going to do an inquiry. If I find there's a substantial basis for this motion for substitute counsel, then I will grant you new counsel. That had to be stated in order to undo- Seriously, actually, a district judge is not allowed, in response to multiple changes of attorneys, to say, next time you either have to stick with this attorney or represent yourself. What he has to say is, I'm going to do an inquiry every time to determine whether there's a constitutional problem. He has to say exactly what the government said in its brief, which is he has to use the additional three words not used in this record, without substantial basis. Any future motions for substitute counsel without substantial basis or justification will be denied. That would be fine. That's what the judge has to do.  Why didn't the district court do what the magistrate judge did here, which is explain what a substantial basis would be? If he just says you can't replace your attorney without a substantial basis, you would expect somebody who keeps trying to replace his attorney to argue everything as a substantial basis. In fact, what the magistrate judge said here is, you're entitled to constitutionally adequate representation. You're not entitled to just be happy with your lawyer in every respect. He actually explained what a substantial basis would be. Right? Well, that's true. But one basis is, I mean, the defendant is entitled to conflict-free representation. If the attorney-client relationship breaks down to a point where they're not communicating, then that is not conflict-free representation. And that's something that needs to be inquired into in the context of a motion to substitute counsel. And it needs to be inquired into in the context of the defendant understanding that I can raise this without fear of just being left representing myself. And, again, I'd like to get back. I realize my time is up. Yes, why don't you save it for your rebuttal. All right. Thank you, Your Honor. We'll wait for the government. Mr. Gordon. May it please the Court. Daniel Gordon, Counsel on Appeal for the United States. Mr. Williams waived his right to appeal his conviction and the non-supervised release condition portions of his sentence as part of his plea agreement. He secured various benefits as part of that plea deal, including the dismissal of eight counts in the indictment. As the Court just recognized, the only remaining question on appeal is whether, notwithstanding this appellate labor, the Court should vacate Williams' conviction because a magistrate judge below warned Williams that he did not have a right to an endless string of successive court-appointed lawyers. The answer is no. The warning was an entirely valid exercise of the Court's discretion. So Judge Specter first reasonably set expectations for future motions. He says, I'm going to issue a warning, calls it a warning. Then he says, you should expect. He says that in the oral order. He puts that in the written order. He's simply just setting an expectation for what defense counsel should — sorry, what the defendant should expect if he were to file another motion. Then he goes on to give various examples of situations where Williams would not be given a new lawyer. And that's what we describe in our brief as substantial basis, without substantial basis. But as Judge Massey just pointed out, Judge Specter went through the specific examples. Here are the — here are six things that aren't going to cut it. And he says, on the other hand, you're entitled to effective counsel. And all of that tracks the law. And so, based on those reasons alone, we don't need to get to harmlessness. But once we get to harmlessness, it's even easier. If there was any sort of error, it was clearly harmless. I want to note, defense counsel just noted that Attorney Andrani said, well, listen, I'll file a motion. What defense counsel didn't say, and what is in the record, is right after he says, listen, if there's a problem, I'll file a motion. If this is what my client really wants, he then says, and it's up to the court about whether that motion is going to be granted. And that's consistent with the idea throughout, that he knew, he understood. He understood throughout the process that if he moved, then if it was denied, he would be put to that choice. Go pro se, or continue with your lawyer. But there was always a chance the motion was going to be denied. And then, really kind of throughout, there's different layers of harmlessness here. Williams is clearly undeterred. He asks for a fifth lawyer to withdraw anyway, just as he had done with Numbers 1, 3, and 4. Attorney Andrani puts the request on the record. At that point, Williams has retracted his request. And then Judge Martinez, who frankly doesn't give any indication that she was even aware of Specter's warnings, or that Williams even had prior counsel, she nonetheless thoroughly canvasses the defendant regarding whether he's satisfied with Attorney Andrani, wants to proceed with him, and with the guilty plea. And he does. And I'll just note that Williams conspicuously does not argue on this appeal that Attorney Andrani was actually ineffective here. It's all kind of a hypothetical question. And that at the end of the day, he says, I want to plead guilty because I am guilty. Well, if it's a structural error where we can't be confident that the thing was fair, that wouldn't really matter, right? Like, if we think that he was coerced into sticking with his attorney regardless of what he thought, he wouldn't necessarily put on the record that he was unhappy with his attorney. So if there is a structural error, you don't reach the harmlessness analysis, that's correct. But I think it's pretty clear, based on the case law, that it's not a structural error here. And it just doesn't Well, let me ask. So if the magistrate judge had not provided all of that context about the examples and so on, just said, look, this is it. Either you stick with this attorney or you have to represent yourself, period, and said nothing else. And he did not, the defendant did not ask for an attorney again. Would that be a structural error? I don't think so, Your Honor. I think there are, in fact, many cases where that does happen. I think we cited one of them in our briefs. It's a summary order by this court, which references that exact pattern happening below. And there are other cases within this circuit from district courts that discuss that fact pattern without objection. I think that, again, in some ways it's context-specific. But I think in this particular circumstance that you're raising, it's still no different then if the defendant says, hey, I want a new lawyer. And the judge looks up and says, oh, I don't want to hear about that, denied. Which is the situation that comes up in Clare that the Supreme Court addresses and reaches harmlessness. And the situation that comes up in Morrissey and McKee from this court at kind of different stages of the harmlessness. And there are three harmlessness areas here. One, would he have actually made a motion? I think he recanted he wouldn't have made the motion. Number two, would he have, if he had made the motion, would it have been meritorious? And that's in McKee, actually, this court says, you've got to show your hand. And that's, I think, why it's strange that there's no actual argument here of he wasn't effective. Because under McKee, you should be bringing that in this kind of context. And then even beyond that, would it have changed anything? He said, I would have pled guilty anyway. And I think Clare and Morrissey go to that kind of last question of harmlessness, which is, even if there are substantial issues raised, is it still harmless if nothing would have changed? Absent any further questions, we'll rest on our brief. Thank you. Mr. McColgan, you have two minutes to rebuttal. Thank you, Your Honor. Regarding the issue of structural error, of course, if it is structural error, then harmlessness is presumed. Because it's really analogous to the structural error of denying the defendant who has paid for counsel the choice of counsel. Of course, indigent counsel, indigent defendants do not have the right to choice of counsel. That sentence says you're actually being denied the counsel of your choice. But here, he's not being denied the counsel of his choice. Correct. But he is being denied the Sixth Amendment right to have the court inquire into substantial bases for substituting counsel. In the Doe case, we said that where a defendant voices a seemingly substantial complaint about counsel, the court should inquire into the reasons for the dissatisfaction, right? Exactly. Okay. All right. But then we said, even though that wasn't done here in that case, it was harmless. And you're arguing, no, that's structural error, even though we have said in Doe and McKee and other cases that it can be harmless. It's structural if the judge says that all future such motions will be denied. That's what makes it structural. So it's not just one instance of saying, I'm denying it right now, and the court can review that and say, well, that's harmless. But it becomes structural because it prevents the defendant from pursuing such a motion in the future. And that's what happened at the plea. He was clearly dissatisfied with counsel. But when push came to shove, he had to say, I'm happy with counsel in order to continue to have counsel. Because otherwise, his counsel had told him right there on the record, I'm going to withdraw if you really are unhappy with me. So if we read that plea in context, his back was against the wall. And it would be unfair to interpret that record any other way. He clearly had to believe that he was going to lose counsel in the event that he pursued that claim. But what about the idea that he actually was not deterred and he did seek to replace his attorney again? He made motions in that direction. But when push came to shove in court, he withdrew it. And when counsel said, look, if you're really unhappy, then I'll file the motion, at that point he withdrew it. Because if he had not withdrawn that motion, he would have ended up with no counsel at all. All right. Thank you. Thank you both for a reserved decision. Have a good day. Thank you.